```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


_____
                              )
MOHAN A. HARIHAR,             )
          Plaintiff,          )
                              )
          v.                  )    CIVIL ACTION
                              )    NO. 18-11134-WGY
CHIEF JUDGE JEFFREY R.        )
HOWARD, et al.,               )
                              )
          Defendants.         )
_____)
```

YOUNG, D.J.                                         August 11, 2018

**MEMORANDUM & ORDER**

For the reasons stated below, the Court grants plaintiff's motion to proceed in forma pauperis, denies plaintiff's motion for counsel, and dismisses the complaint under 28 U.S.C. § 1915(e)(2)(B). In light of the dismissal, plaintiff's motion for leave to file electronically is denied.

**I.    BACKGROUND**

Plaintiff Mohan A. Harihar, a resident of Acton, Massachusetts, filed this lawsuit on May 30, 2018, against ten members of the federal judiciary, a clerk of a federal court, several private attorneys, and an assistant attorney general for the Commonwealth alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and civil rights violations pursuant to 42 U.S.C. § 1983 and Bivens v. Six

<u>Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).  The complaint also references several federal criminal statutes including 18 U.S.C. § 73 (obstruction of justice); 18 U.S.C. § 242 (deprivation of rights under color of law); 18 U.S.C. § 371 (conspiracy to commit offense or to defraud the United States), 18 U.S.C. § 1832 (theft of trade secrets); and 18 U.S.C. § 2671 (definitions; tort claim procedures).

Plaintiff's complaint consists primarily of a recounting of events surrounding two lawsuits[1] filed by plaintiff concerning his foreclosure-related claims, his subsequent appeals[2] and his efforts to file judicial misconduct complaints with the Office of Circuit Executive.  Plaintiff complains that, "in full public view [the judicial defendants exhibited] a pattern of corrupt conduct [which has been] "witnesses by the Clerk of the Court and by the US Attorney's Office (MA)."  <u>See</u> Compl., p. 9. Plaintiff complains of legal rulings and alleges that he has suffered irreparable harm to trade secrets which he describes as an economic framework he designed to assist the recovery from the foreclosure crisis.  <u>Id.</u> at p. 10. He contends that the defendants engaged in treason and should be "considered DOMESTIC ENEMIES of THE UNITED STATES." <u>Id.</u>  Plaintiff alleges that the

---

[1] <u>Harihar v. US Bank NA, et al.</u>, C.A. No. 15-11880-ADB (closed Mar. 31, 2017) and <u>Harihar v. United States,</u> C.A. No. 17-11109-DJC (closed Sept. 29, 2017).
[2] <u>Harihar v. US Bank NA, et al.</u>, No. 17-1381 (1st Cir. Jan. 17, 2018) (affirming judgment of district court); <u>Harihar v. United States,</u> No. 17-2074 (1st Cir. Oct. 27, 2017) (appeal filed).

[2]

judicial defendants exhibited "distain for the pro se litigant" and complains of a pattern of corrupt conduct which includes the failure of the judicial defendants to appoint counsel.  Id.

Plaintiff seeks equitable and monetary relief including an order directing the appointment of counsel for plaintiff and declaring as void an order issued by the appeals court.  Now pending are motions filed by plaintiff seeking appointment of counsel, permission to file electronically and leave to proceed in forma pauperis.

This case was initially assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  Plaintiff subsequently refused to consent to proceed before a Magistrate Judge and clerk randomly assigned the case to the undersigned for further proceedings.

## II. PROCEEDINGS IN FORMA PAUPERIS

Litigants seeking to proceed in forma pauperis must submit an affidavit that includes a statement of all plaintiff's assets.  See 28 U.S.C. § 1915(a)(1).  Upon review of the plaintiff's motion to proceed in forma pauperis, the Court concludes that he is without income or assets to pay the $400.00 filing fee.  His application is therefore granted.

## III. STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, his complaint is subject to preliminary screening under 28 U.S.C. §

[3]

1915(e)(2). Section 1915 authorizes federal courts, at any time, to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See id; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In addition to screening, this Court has an independent obligation to inquire, sua sponte, into its subject matter jurisdiction. See Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).

For purposes of this preliminary evaluation, the Court liberally construes the complaint because plaintiff is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). Nevertheless, even when read liberally, I find that the pleading defects are more than sufficient to justify dismissal for the reasons stated below.

**IV. DISCUSSION**

Plaintiff alleges that the defendant judges, court clerk and attorneys acted together to violate the Racketeer Influenced and Corrupt Organizations (RICO) Act. District courts have

[4]

jurisdiction over RICO claims pursuant to 18 U.S.C. § 1962. RICO provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C.1962(c).

To the extent the judicial defendants are sued in their official capacities, they are entitled to sovereign immunity. The federal government and federal employees are immune from suit for monetary damages absent a waiver of sovereign immunity. See e.g., Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction") (citation omitted); Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir.2000) (same). Because the United States has not waived sovereign immunity with respect to the claims raised in this case, the complaint is subject to dismissal with prejudice based on the lack of subject matter jurisdiction against the judicial defendants.

The judicial defendants are also entitled to absolute judicial immunity with respect to the claims brought against them in their personal capacities.  When performing their respective functions, judicial officers are protected by

[5]

absolute immunity. Forrester v. White, 484 U.S. 219, 225-28 (1988) (absolute judicial immunity originated in medieval times to discourage collateral attacks on judicial decision making and to insulate judges from vexatious actions by disgruntled litigants); see also Adames v. Fagundo, 198 F. App'x 20, 22 (1st Cir. 2006) (judicial immunity bars suits under § 1983 for money damages and injunctive relief). Court clerks have absolute quasi-judicial immunity, derivative of their judges' immunity, to the extent that they are alleged to be liable for carrying out the judges' directives. Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir.1980).

Moreover, RICO claims against judges are barred by judicial immunity "if they simply constitute another way of attacking a judge's rulings" and where "the RICO-challenged acts are judicial in nature." Thomas v. Wilkins, 61 F.Supp.3d 13, 20 (D.D.C. 2014) (internal quotation marks omitted).  "[W]hile Plaintiff attempts to circumvent the judicial immunity doctrine by asserting RICO claims against the Defendants in their personal capacities, the actions Plaintiff is challenging were performed within the scope of the Defendants' judicial duties." Id. (citation omitted).  Asserting that a judge acted in furtherance of conspiracy or corruption does not make a judicial act "less judicial." Id.  Here, because the acts underlying the plaintiff's RICO claims were judicial in nature, they are

[6]

similarly protected by the judicial immunity doctrine, notwithstanding plaintiff's attempted RICO claim.

Here, there is no reasonable or credible allegation that the actions or inactions of the lawyers, who are sued as witnesses to corrupt conduct, conspired with the defendant judges and clerk. Mere assertions of a conspiracy, without more, cannot establish a cognizable legal claim, nor can artful pleading in the use of the term "conspiracy" create a claim without an underlying factual basis for the assertion. See Andre v. Moriarty, No. 11-40009-FDS, 2011 WL 1456773, at *7 (D. Mass. 2011) (citing Frierson-Harris v. Kall, No. 06-1905, 2006 WL 2373231, at *1 (7th Cir. 2006) ("... judges generally 'agree' with one side in litigation when ruling against the other; such agreements are not corruptions of the judicial process")).

To the extent plaintiff seeks injunctive relief asking this court to compel the appointment of counsel for plaintiff and declaring as void an order issued by the appeals court, this court lacks the authority to review another federal court's decisions and it cannot compel judges in this district or circuit to take the action the plaintiff requests. See Sibley v. U.S. Supreme Court, 786 F.Supp.2d 338, 345 (D.D.C. 2011).

Finally, the complaint fails to state a claim under the federal criminal statutes referenced in the complaint. Many of the statutes do not provide a private right of action and cannot

[7]

be used in a civil action.  See i.e. Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam)(stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242).

**V.    MOTION FOR THE APPOINTMENT OF COUNSEL**

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (citations omitted).  To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See id.  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. See id.

Because of the above-identified pleading deficiencies and impediments to this lawsuit, the Court finds that the plaintiff has not shown that extraordinary circumstances exist that would warrant the appointment of counsel.  The motion for counsel is therefore denied.

**VI. SUA SPONTE DISMISSAL**

It is evident that plaintiff has failed to state a legal claim and the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).  Generally, a pro se plaintiff is afforded an opportunity to cure a deficient complaint.  Here, however, this Court need not afford plaintiff an opportunity to cure the pleading deficiencies because such efforts would be futile.[3]

**VII. CONCLUSION**

For the foregoing reasons,

1. The motion (Docket No. 6) for leave to proceed in forma pauperis is allowed.

2. The motion (Docket No. 2) for appointment of counsel is denied.

3. The complaint is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B).

4. The motion (Docket No. 3) to file electronically is denied.

5. The Clerk shall enter a separate order of dismissal.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

---

[3] Although the Court often affords pro se plaintiffs an opportunity to amend a complaint in recognition that "basic fairness, as well as 'sound prudential reasons,' counsel against most uses of the power to dismiss cases sua sponte," Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001), this is one of those cases in which it "is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." Id. at 36-37 (1st Cir. 2001).